On Rehearing.
McCALEB, Justice.
Bill of Exceptions No. 6[1] was taken to the judge’s refusal to comply with the pro *1011 visions of R.S. 15 :268, which requires him to summon the physicians composing the lunacy commission to testify and examine them at the trial whenever the existence of insanity on the part of an accused at the time of the commission of the offense has become an issue and a commission has been appointed to examine him.
Following his indictment for murder, appellant applied for the appointment of a commission to inquire into his present mental condition.. This request was granted and, on September 17, 1954, an order issued appointing a commission to investigate not only his sanity at that time but also to report on his mental condition at the time of the commission of the offense. In the latter respect, the order was broader than appellant’s application and, since it had been misplaced in the voluminous record presented on this appeal,[2] .we naturally concluded that it conformed to appellant’s request. Hence, our previous holding that Bill No. 6 was without merit, because the lunacy commission was appointed only to inquire into appellant’s present sanity, was-founded on that assumption. The true facts being directed to our attention by appellant in his application for a rehearing, we agreed to reconsider the bill.
The district attorney contends initially on this rehearing that the order of the judge of September 17, 1954 was improvident and is a nullity, insofar as it directed the experts to investigate appellant’s mental condition at the time of the commission of the crime, for the reason that, his sanity had not become an issue in the cause at that time.
 Since appellant did not plead insanity at the time of the commission of the offense in his application for the appointment of the lunacy commission, it was-not an issue in the case at that time. Therefore, although the judge was well within his. rights in appointing a lunacy commission,, he exceeded his authority in directing its. members to report on appellant’s mental condition at the time of the commission of the offense as R.S. 15:268[3] requires that *1013 the .existence of insanity at that time he ' at issue 'when the appointment of a lunacy commission is requested. State v. Eisenhardt, 185 La. 308, 169 So. 417 and State v. Gunter, 208 La. 694, 23 So.2d 305. However, as the State did not object to the judge’s order or the commission’s report ■conformable therewith, either at the sanity bearing or at the'trial-, it would seem that it bas waived its right to contest it at this late -date and,- since insanity at the time of the ■commission of the offense was subsequently pleaded and became the main defense at the trial, it effected a cure of any irregularity theretofore existing in the order. .Obviously, it would have been a vain and useless .-gesture for the judge to reappoint the commission and order it tp make another report after insanity was pleaded as the defense.
R.S. 15 :268 expressly provides that '“The physicians appointed -by the court ■shall be summoned to testify - at the trial -and shall be examined by the court and may be' examined by counsel for the state and the defendant.” Hence, the judge ■erred in refusing to comply with appellant’s request that he examine the experts appointed under the order of September 17, 1954. State v. Sauls, 226 La. 694, 77 So. 2d 8.
Forasmuch as error was committed, it remains only to ascertain whether appellant was prejudiced or sustained injury as a result thereof. Article 557 of the Code of Criminal Procedure, R.S. 15:557, provides, in substance, that no judgment of conviction shall be set aside in any criminal case because of misdirection of the jury or the improper admission or rejection of evidence “ * * * or as to error of any matter of pleading or procedure * * * ” unless it appears to the court, after an examination of the' entire record, that the asserted error has probably resulted in a miscarriage of justice, “ * * * -is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional statutory right.” (Italics ours.)
Since the report of the lunacy commission supported appellant’s defense, he had the legal right to have the jury hear the testimony of .the doctors and their detailed explanations of the reasons for their opinions that he was insane at the time of the commission of the offense. This was a substantial right and, if the jury had not had the benefit of the doctors’ testimony, a new trial would unquestionably have to be granted. But the jury did have the benefit of the experts’ findings and their testimony, despite the judge’s failure to follow the procedural directions of R.S. 15:268. In view of this, it is difficult to perceive that appellant suffered injury or that his substantial rights were prejudiced by the erroneous ruling.
Nevertheless, counsel earnestly contend that substantial prejudice has ensued by reason of the ruling as they were “forced” [4] *1015 to place the doctors on the stand as appellant’s witnesses and that this deprived him of the additional weight which the jury would have necessarily attached to the testimony of the experts had they been properly called and examined by the judge in conformity with the statute.
We do not think it follows that prejudice resulted because the experts were presented as appellant’s witnesses rather than as those of the Court. The fact is that they were fully examined by the State and the defense and that they testified at length in favor of appellant (save in one instance hereinafter noted). Since the jury was aware that the experts were appointed by and had made their examinations under orders of the Court, it is inconceivable to us that it made any material difference to it whether they were called and examined by the judge or by appellant. The important thing was that the jury had full opportunity of determining the issue of insanity after hearing and considering the expert as well as the lay testimony.
Nor do we think that it mattered that the Coroner, Dr. Paul B. Landry, gave testimony repudiating to some extent the written report submitted by the commission (which he signed) and expressed a view partially contrary to that of the two other members of the commission, who were psychiatrists. Defense counsel were apprised of Dr. Landry’s views at the time they put him on the stand for, as pointed out in our original opinion, he had previously testified at the time of the present sanity hearing that he had signed the report in deference to the recommendation of the other two members of the commission, who were experts in psychiatry, although he disagreed with their conclusion that appellant, knowing the difference between right and wrong, could not choose between the two. At any rate, it is certain that Dr. Landry would have testified exactly as he did, whether he had been called and examined by the judge or by appellant.
We have also given consideration as to whether the ruling of the judge may have possibly injured appellant by depriving him of his right to cross-examine the experts. But, after a perusal of the record, we are convinced that this right was not impaired in the least. Two of the doctors testified favorably to appellant, despite a searching cross-examination by the district attorney. Hence, there was no reason for defense counsel to cross-examine them. And counsel were not curtailed in any manner in their examination of the Coroner, Dr. Landry, the record showing that he was rigorously cross-examined by them as a hostile witness, even though the defense had not been taken by surprise.
For the foregoing reasons, our original decree is reinstated as the final judgment of this Court.

. The rehearing herein is limited to a reexamination of this bill.

. The index shows that the order appointing a lunacy commission is to be found on page 18 of the record. However, the designated order, dated September 17, 1954, is one directing the Sheriff to transfer appellant to the East Louisiana State Hospital at Jackson so that the lunacy commission might examine him with respect to his present mental condition. It also refers to another order, issued on the same day, appointing the lunacy commission but the latter is not contained in the portion of the record designated by the index. It is actually located at page 79 of the transcript, being attached to certain testimony which forms part of Bill of Exceptions No. 6.

. It reads: “Whenever, on a prosecution: by indictment or information, the existence of insanity or mental defect om the part of the defendant at the time of the alleged commission of the offense-charged becomes an issue in the cause, the court may appoint one or more disinterested physicians not exceeding three: to examine the defendant * *

. Actually, defense counsel elected to place the doctors on the stand after the report of the lunacy commission, favorable to appellant, had been introduced in evidence.